CENTRAL SOUTH CAROLINA CHAPTER, SOCIETY OF PROFESSIONAL JOURNALISTS, SIGMA DELTA CHI; Fred P. McNeese, Robert McAlister, Robert Hitt, individually as news reporters and as members, officers, and directors of the Central South Carolina Chapter, Society of Professional Journalists, Sigma Delta Chi; South Carolina Broadcasters Association; Dr. Richard Uray, individually and as Executive Manager of the South Carolina Broadcasters Association; South Carolina Press Association; The Enterprise, Inc.; Edward M. Sweatt, individually as President of the South Carolina Press Association and as a shareholder and member of the Board of Directors of The Enterprise, Inc.; and Carolyn Kay Harris, Appellants,

v.

The Honorable J. Robert MARTIN, Jr., United States District Court for the District of South Carolina; Mark W. Buyck, Jr., Esq., United States Attorney for the District of South Carolina; J. Elliott Williams, United States Marshall for the District of South Carolina; and Miller C. Foster, Jr., United States Clerk for the District of South Carolina, Appellees.

No. 77–1636.

United States Court of Appeals, Fourth Circuit.

Submitted May 16, 1977.

Decided May 17, 1977.

See also, 4 Cir., 551 F.2d 559.

Mitchell Rogovin, George T. Frampton, Jr., Joel I. Klein, David R. Boyd, Washington, D.C., James C. Harrison, Jr., Costa M. Pleicones, Columbia, S.C., Jack C. Landau, Washington, D.C., for appellants.

Thomas E. Lydon, Jr., U.S. Atty., Wistar D. Stuckey, Glen E. Craig, Asst. U. S. Attys., Columbia, S.C., Lu Jachnycky, Atty., Dept. of Justice, Washington, D.C., for appellees.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

This matter came before the district court on a complaint seeking declaratory and injunctive relief against the district court's order of May 31, 1976, and on a motion for a stay of that order pending appeal. The challenged order, reproduced below,[1] establishes certain restrictions upon extrajudicial statements and actions of participants in the pending criminal trial of J. Ralph Gasque in the United States District Court for the District of South Carolina.

The complaint was dismissed by the district court by order dated May 2, 1977, and is now before us on appeal. The district court also denied plaintiffs' motion for a stay pending appeal by order of May 10, 1977. That motion is renewed here pursuant to Rule 8 of the Federal Rules of Appellate Procedure.

■ We believe that mandamus is the proper remedy to request the relief prayed for here, any inference in our previous opinion to the contrary notwithstanding. See Note: *Ungagging the Press,* 65 Georgetown Law Review 81, for a collection of some decisions on the subject.

■ The plaintiffs having substantially complied with the requirements of Rule 21(a), Fed.R.App.P., we think the complaint and supporting submissions should be treated as a petition for mandamus, and we so treat them. As this implies, we think plaintiffs have standing to seek issuance of the writ. Notwithstanding that petitioners desire for access to sources of information may be a broadly based concern, shared by the public at large, if petitioners can show an injury "to [themselves] that is likely to

---

1. The order reads in pertinent part as follows:
    "For reasons appearing to the Court, it is Ordered that the above case is scheduled for trial in the United States District Courtroom, Columbia, South Carolina, on June 21, 1976. It is further Ordered that
    "(1) Extrajudicial statements by participants in the trial, including lawyers, parties, witnesses, jurors and court officials, which might divulge prejudicial matter not of public record in the case are prohibited.
    "(2) All participants in the trial, including lawyers, parties, witnesses, jurors and other officials shall avoid mingling with or being in the proximity of reporters, photographers and others in the entrances to and the hallways in the courthouse building, including the sidewalks adjacent thereto, both in entering and leaving the courtroom and the courthouse during recesses in the trial.
    "(3) The names and addresses of prospective jurors are not to be released except on Order of Court, and no photograph shall be taken and no sketch made of any juror within the environs of the Court.
    "(4) All witnesses are prohibited from news interviews during the trial period.
    "(5) The United States Marshall at the direction of the Court will allocate seating of spectators and representatives of the news media, provided, however,
        (a) No member of the public or news media representative shall be permitted at any time within the bar railing, except to specific seats designated for their use.
        (b) Allocation of seats to the news media representatives, if there be an excess of requests, will take into account any pooling arrangement that may be agreeable among the newsmen."
    The Society did not contest the validity of section five of the order.
    The first appeal in this matter is reported as 551 F.2d 559 (4th Cir. 1977).

be redressed by a favorable decision," *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976), if they have alleged a sufficient "personal stake in the outcome of the controversy," *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962), the constitutional requirement of standing is satisfied. We think these tests are met here. We do not regard as wholly speculative the relationship between the district court's order and the plaintiffs' difficulties in seeking to perform their reportorial functions. See *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

■ Considering the papers before us as a petition for mandamus, and having carefully considered the submissions of the parties, we accordingly hold:

The district court's order of May 2, 1977 dismissing the complaint is in all respects affirmed, on the opinion of the district court, 431 F.Supp. 1182 (D.S.C.1977), as that opinion addresses the merits of the controversy, subject to the following qualifications:

1. To the extent that the district court's order may be construed to prohibit extrajudicial statements concerning the trial on the part of the defendant, Gasque,[2] we express no opinion as to its propriety, since the defendant has not objected to the order in any respect. Any rights of Gasque not waived are reserved.

2. In paragraph 2 of the May 31st order, we regard the prohibition on mingling upon the sidewalks adjacent to the courthouse as overly broad. The district court will lift its prohibition on mingling as it applies to adjacent sidewalks.

3. With respect to the prohibition in paragraph 3 of the said order upon the sketching of jurors within the environs of the court, we recognize that courtroom sketching is a time-honored custom in many communities and many courts. The district judge has indicated that any particular aspect of the order is open to reconsideration during the trial, and, viewing the prohibition in that light, we assume that it will be reconsidered upon request if fears of juror distraction prove unfounded.

4. Also in paragraph 3, we construe the "environs" of the United States District Court in Columbia, South Carolina as meaning inside the courthouse.

5. Once a jury is empaneled at the inception of the trial, the district court may find that parts of the May 31st order are no longer necessary to ensure a fair trial or juror impartiality. If, for example, the jury were sequestered, access of the press to trial participants may no longer pose the same threat to the conduct of a fair trial. We leave this matter to the district court in the first instance, believing that our intervention at this point would be premature.

Since the petition for mandamus is in all but minor respects denied on the merits, it follows that petitioners' motion for a stay pending appeal to this court is likewise denied.

The mandate will issue forthwith because the criminal trial is due to commence May 23, 1977.[3]

---

2. Gasque, as we use the word, refers to any or all defendants.

3. The parties have requested that we dispose of this appeal as soon as possible and filed briefs.

The government has waived oral argument, but the plaintiffs have indicated a desire for it. In order to dispose of the case at once, we have decided the case on the briefs and the record.